UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BRENDA M. RAPOSA<br>Plaintiff<br><br>v.<br><br>DR. DONALD C. WINTER,<br>SECRETARY, DEPARTMENT<br>OF THE NAVY<br>Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 2007-<br><br>CA 07 417 |

**COMPLAINT**

Plaintiff Brenda M. Raposa hereby commences this action against the Defendant and alleges:

## I. JURISDICTION AND VENUE

1. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 et seq. and 42 U.S.C. § 2000e-1 et seq.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

3. The actions complained of herein occurred at the Navy War College, located in Newport, Rhode Island.

## II. PARTIES

4. Plaintiff Brenda M. Raposa (hereinafter "Plaintiff") is a resident of Tiverton, Rhode Island, and at all time relevant hereto has been employed as a civilian by the Department of the Navy, working at the Navy War College, located in Newport, Rhode Island. Plaintiff is an employee within the meaning of 42 U.S.C. § 2000e(f).

5. Defendant Dr. Donald C. Winter presently holds the office of: Secretary, Department Of The Navy. The Department of Navy is sued by and through Donald C. Winter, who is named in his official capacity. The Department of the Navy is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

## III. FACT ALLEGATIONS

6. Plaintiff, a female, is presently employed with the Defendant as a Pipefitter, Wage Grade 4204-10, at the Navy War College, Facilities Maintenance Department (hereinafter "FMD").

7. Plaintiff has been working at the Navy War College in the FMD since on or about February 27, 2000.

8. Plaintiff was transferred to FMD as a result of prior Equal Employment Opportunity (hereinafter "EEO") activity.

9. Plaintiff's prior EEO activity specifically consisted of successful sexual harassment litigation: Brenda Lima (Raposa) v. Robert B. Pirlis, Acting Secretary, Department of Navy, Doc. Nos. 160-998561X and COL 99-0136E, and other follow up complaints.

10. Throughout the course of Plaintiff's employment in the FMD, the Department employed a working supervisor, at a higher wage grade.

11. In or about May, 2003, the supervisor who had long held this supervisory position in the FMD, Ralph Shaeffer, retired from his employment with the Defendant.

12. The position previously held by Mr. Shaeffer was titled "Mechanic Supervisor", and was basically a working first level supervisor of the FMD.

13. After Mr. Shaeffer's retirement, on or about June 17, 2003, Commander Kevin D'Amanda (hereinafter "CDR D'Amanda") exercised discretion under his position to fill the open "Mechanic Supervisor" position by unilaterally appoint two (2) male employees to consecutive 120 day terms acting as "Acting Temporary AC Equipment Mechanic Supervisor, I" (hereinafter referred to as the "temporary supervisory position"), WS-5306-09, of the FMD.

14. The job title for the former "Mechanic Supervisor" position was changed by CDR D'Amanda to "Acting Temporary AC Equipment Mechanic Superisor, I", emphasizing air conditioning work, but the actual job duties and written job description for the position remained substantially unchanged from the former "Mechanic Supervisor" position.

15. When the temporary supervisory position was posted as a permanent position, it was titled "Air Conditioning Equipment Mechanic Supervisor, I", WS-5306-09 (hereinafter referred to as the "permanent supervisory position"), and the written job description for the position was altered to emphasize air conditioning work.

16. The two (2) males appointed to the temporary supervisory position were the same wage grade as the Plaintiff, and worked within the FMD as "Air Conditioning Equipment Mechanics", WG-5306-10.

17. The two (2) males appointed to the temporary supervisory position did not engage in prior protected EEO activity.

18. The two (2) males appointed to the temporary supervisory position worked at a higher supervisory wage grade (WS-9) during the course of their 120 day terms in the temporary supervisory position.

19. Plaintiff had comparable or better skills and experience than the two (2) males appointed to the temporary supervisory position.

20. At the time that CDR D'Amanda appointed the two males to terms in the temporary supervisory position, he had knowledge of both Plaintiff's female gender and her prior protected EEO activity.

21. CDR D'Amanda failed/refused to fairly appoint Plaintiff to an equal term in the temporary supervisory position as her male peers because of her female gender and/or because of her prior protected EEO activity.

22. Plaintiff followed all policies and procedures to both informally and formally file complaints regarding CDR D'Amanda's decision not to fairly appoint Plaintiff to an equal term in the temporary supervisory position as her male peers.

23. Despite Plaintiff's legitimate complaints, Defendant persisted in failing/refusing to allow Plaintiff the equal opportunity afforded her male peers to rotate through a term in the temporary supervisory position.

24. Defendant relied upon the pretextual excuse that Plaintiff was not qualified for the temporary supervisory position due to the emphasis of the position on air conditioning work as the reason for failing/refusing to allow Plaintiff the equal opportunity afforded her male peers to rotate through a term in the temporary supervisory position.

25. At all times relevant hereto, Plaintiff possessed the necessary skills and qualifications to perform the work of the temporary supervisory position.

26. Plaintiff timely submitted her application for the permanent supervisory position when it posted.

27. Defendant had a policy or procedure in place whereby applicants for certain positions had to be qualified before they could be considered for hire for the position, and applicants for the permanent supervisory position had to be pre-qualified in this manner.

28. Defendant had previously acknowledged Plaintiff's supervisory capabilities by qualifying Plaintiff for a different supervisory position.

29. On or about March 2, 2004, Defendant failed/refused to qualify Plaintiff's application for the permanent supervisory position, based upon the pretextual excuse that

Plaintiff's "experience requirement" was not met for the position as the job description for the position was now written.

30. At all times relevant hereto, Plaintiff possessed the superior skills, qualifications and experience to perform the work of the permanent supervisory position.

31. Defendant failed/refused to qualify Plaintiff's application for the permanent supervisory position because of her female gender and/or because of her prior protected EEO activity.

32. Plaintiff is the only female employee employed within the FMD.

33. Plaintiff has substantial experience working with air conditioning systems at the Navy War College and is as qualified or more qualified than the male employee selected for the promotion to supervisory position.

34. The Defendant's changing of the title and written job description for the temporary and permanent supervisory positions was deliberate and reasonably calcualted to attempt exclude the Plaintiff from consideration for the positions and to ensure that a male employee without prior EEO activity would qualify for the position.

35. Despite the change in title and job description, the actual job duties of the permanent supervisory position are essentially unchanged since the retirement of Mr. Shaeffer, the former "Mechanic Supervisor" of the FMD.

36. At the time of Mr. Shaeffer's retirement, the FMD was a multi-trade shop consisting of Air Conditioning Mechanics, Pipefitters, Electricians, a Locksmith and Gardeners, and no legitimate business justification existed for insisting upon selection of an employee with a current air conditioning job title for the supervisory position.

37. Employees with air conditioning job titles within the FMD perform only routine repair and maintenance on the air conditioning system at the Navy War College, and anything beyond routine work is subcontracted out.

38. During the course of her employment with the Defendant, Plaintiff performed routine repair and maintenance on the air conditioning system at the Navy War College, and Plaintiff's knowledge of the air conditioning system is superior to that of male candidate selected for the permanent supervisory position.

39. At all times during the course of her employment with Defendant, Plaintiff's job performance met or exceeded Defendant's legitimate expectations.

40. No legitimate business justification exists in order to deny Plaintiff the most basic opportunity to fairly rotate through the temporary supervisory position along with her male peers, nor to refuse Plaintiff the basic opportunity to have her application for the permanent supervisory position fairly considered.

41. Defendant denied Plaintiff the opportunity to rotate through the temporary supervisory position and denied Plaintiff consideration for hire to the permanent supervisory position because of her female gender and because of her prior protected EEO activity.

42. Plaintiff timely filed separate Agency Complaints based upon Defendant's failure/refusal to fairly allow Plaintiff to rotate through the temporary supervisory position, and based upon Defendant's refusal to qualify Plaintiff for the permanent supervisory position.

43. Plaintiff received Final Agency Decisions on both Complaints (Brenda M. Raposa v. Dr. Donald C. Winter, Secretary, Department of the Navy, EEOC No: 0120072714, DON 03-00124-001, August 20, 2007 and Brenda M. Raposa v. Dr. Donald C. Winter, Secretary, Department of the Navy, DON No: 04-00124-10422, September 27, 2007), and has otherwise exhausted all administrative remedies prior to filing this litigation.

44. As a result of the on-going gender discrimination and retaliation suffered upon Plaintiff by Defendant, Plaintiff has suffered and will continue to suffer illegal gender discrimination, illegal retaliation, pecuniary damages, compensatory damages and attorneys' fees.

WHEREFORE, Plaintiff prays for the relief requested herein.

**COUNT I**
**VIOLATION OF 42 U.S.C. § 2000e(a)**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**

45. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

46. Despite Plaintiff's performance of her assigned duties in an exemplary manner at all times during the course of her employment by the Defendant, Defendant unlawfully subjected Plaintiff to discriminatory on-the-job working conditions because of the Plaintiff's female gender in violation of 42 U.S.C. § 2000e-2(a).

47. Defendant took the wrongful actions complained of herein without legitimate justification or excuse in violation of 42 U.S.C. § 2000e-2(a), because of the Plaintiff's female gender.

48. As a result Plaintiff has suffered, and will continue to suffer, pecuniary damages, compensatory damages and attorney's fees.

WHEREFORE, Plaintiff prays for the relief requested herein.

**COUNT II**
**VIOLATION OF 42 U.S.C. § 2000e-3**
**ILLEGAL RETALIATION**

49. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

50. Despite the fact that Plaintiff's was qualified for the temporary supervisory position, and had performed her assigned duties in an exemplary manner at all times during the course of her employment with the Defendant, Defendant subjected Plaintiff to illegal retaliation because of her prior protected EEO activity by denying Plaintiff the opportunity to rotate through a temporary supervisory position along with her male peers.

51. Despite Plaintiff's was qualified for the permanent position had performed her assigned duties in an exemplary manner at all times during the course of her employment with the Defendant, Defendant subjected Plaintiff to illegal retaliation because of her prior protected EEO activity by not qualifying Plaintiff's application for said supervisory position once it posted as a permanent position, thus making it impossible for the Plaintiff to be hired for the permanent position.

WHEREFORE, Plaintiff prays for the relief requested herein.

**COUNT III**
**VIOLATION OF 42 U.S.C. § 2000e-2(k)**
**DISPARATE IMPACT**

52. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

53. Upon information and belief, at all times relevant to this Complaint, and on a continuing basis, Defendant implemented and maintained personnel policies and procedures, not required by business necessity, that resulted in the imposition of less favorable terms and conditions of employment for female employees, including maintaining an environment of gender discrimination, denying females appropriate promotional and job development opportunities, and otherwise discriminating against female employees with respect to their terms and conditions of employment.

54. As a result, Plaintiff has suffered, and will continue to suffer, pecuniary damages, compensatory damages and attorneys' fees.

## PRAYER FOR RELIEF

Plaintiff Brenda Raposa, prays this honorable Court grant her the following relief:

1. A finding declaring the Plaintiff as the prevailing party in this action;

2. A finding that the Defendant stands liable to make the Plaintiff whole for all damages suffered as a result of the wrongful acts and omissions alleged in each Count herein, including inter alia back pay, front pay, the value of lost fringe benefits and other pecuniary damages to be determined by a jury;

3. A finding that the Defendant stands liable to Plaintiff for an appropriate award of compensatory damages for the wrongful acts alleged herein including, Plaintiff's compensatory damages to be determined by a jury;

4. A finding that the Defendant stands liable to Plaintiff for an appropriate award of exemplary damages to punish Defendant's wrongful, malicious, intentional, purposeful, extreme, outrageous, wicked and wanton actions complained of herein that were motivated by malice, ill will, and a reckless or callous indifference to the statutorily protected rights of the Plaintiff to work in an environment free from blatant discrimination and retaliation;

5. An Order declaring that the acts and practices complained of herein are in violation of Title VII.

6. A Order enjoining and permanently restraining the Defendant from further violations of Title VII against the Plaintiff and other similarly situated female employees.

7. An Order directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect the terms and conditions of Plaintiff's employment opportunities;

8. An Order directing the Defendant to place Plaintiff in the position she would have occupied but for Defendants' discriminatory treatment of her, and make her whole for all earnings she would have received but for Defendant's discriminatory treatment and retaliation, including, but not limited to, wages and fringe benefits;

9. A finding after judgment in Plaintiff's favor, that the Defendant stands liable to Plaintiff for an award of her reasonable attorney's fees, litigation costs and other costs of this action, together with a post-trial hearing to determine the amount of Plaintiff's reasonable attorney's fees taxable to the Defendant, along with a determination of the Plaintiff's litigation costs and expenses taxable to the Defendant;

10. An appropriate award of pre-judgment interest on all sums recovered; and

11. Such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff claims trial by jury on all issues so triable. Noelle K. Clapham is designated as lead trial counsel.

Respectfully submitted,

PLAINTIFF BRENDA RAPOSA

By her Attorney,

N. K. Clapham

Noelle K. Clapham (5338)
24 Salt Pond Road, Suite A-8
South Kingstown, RI 02879
(401)783-3600
(401) 783-3670 (fax)
claphamlaw@verizon.net

November 16, 2007