IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BRENDA M. RAPOSA,<br>Plaintiff | ) | |
| | ) | |
| v. | ) | C. A. 07-417S |
| | ) | |
| DR. DONALD C. WINTER, SECRETARY<br>DEPARTMENT OF THE NAVY | ) | |

**ANSWER**

Defendant Donald C. Winter, Secretary of the Navy, by his undersigned counsel, Robert Clark Corrente, United States Attorney for the District of Rhode Island, hereby answers the Complaint filed against him in the above-captioned civil action as follows:

**JURISDICTION AND VENUE**

1. Defendant admits that Plaintiff has invoked the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 et seq. and 42 U.S.C. § 2000e-1 et seq.

2. For purposes of this action only, Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

**PARTIES**

4. Defendant admits that Plaintiff is a resident of Tiverton, Rhode Island and has been employed as a civilian by the Department of the Navy, working at the Navy War College in Newport, Rhode Island. The remainder of the allegations contained in paragraph 4 of Plaintiff's Complaint constitute legal conclusions as to which no response is required, and on that basis, they are denied.

5. Defendant admits that Donald Winter holds the office of Secretary, Department of the Navy. The remainder of the allegations contained in paragraph 5 of Plaintiff's Complaint constitute legal conclusions as to which no response is required, and on that basis, they are denied.

## FACT ALLEGATIONS

6. Defendant admits the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Defendant admits the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Defendant admits that Plaintiff was transferred to FMD, but denies each and every other allegation contained in paragraph 8.

9. Defendant admits the allegation in this paragraph with respect to No. 160-998561X, but denies each and every other allegation contained in paragraph 9.

10. Defendant admits the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Defendant admits the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendant admits that the position previously held by Mr. Shaeffer was titled "Mechanic Supervisor," but denies each and every other allegation contained in paragraph 8.

13. Defendant admits that after Shaeffer's retirement, D'Amanda assigned two male employees to consecutive 120-day terms as Acting Temporary AC Equipment Mechanic Supervisor, I, WS-5306-09, but denies each and every other allegation contained in paragraph 13.

14. Defendant admits that the Mechanic Supervisor position was changed by CDR D'Amanda to AC Equipment Mechanic Supervisor with emphasis on air conditioning work, but denies each and every other allegation contained in paragraph 14.

15. Defendant admits the allegations contained in paragraph 15 of Plaintiff's Complaint, except denies Plaintiff's characterization that the job description was altered.

16. Defendant admits the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendant admits the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendant admits the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Defendant admits that D'Amanda had knowledge of Plaintiff's gender and that he was aware that Plaintiff had engaged in EEO activity, but denies each and every other allegation contained in paragraph 20.

21. Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendant admits that Plaintiff complied with the applicable policies and procedures in filing her complaints, but denies each and every other allegation contained in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendant admits the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Defendant admits the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. Defendant admits that Plaintiff had been deemed qualified for a position not at issue in this litigation, but denies each and every other allegation contained in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29 of plaintiff's Complaint.

30. Defendant denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

32. Defendant admits the allegations contained in paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations contained in paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37. Defendant denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendant admits that Plaintiff's job performance was satisfactory, but denies each and every other allegation contained in paragraph 39.

40. Defendant denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

42. Defendant admits that Plaintiff timely filed agency complaints, but denies each and every other allegation contained in paragraph 42.

43. Defendant admits the allegations contained in paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

**COUNT I**

45. Defendant relies upon its previous responses above in response to paragraph 45 of Plaintiff's Complaint.

46. Defendant denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

47. Defendant denies the allegations contained in paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations contained in paragraph 48 of Plaintiff's Complaint .

**COUNT II**

49. Defendant relies upon its previous responses above in response to paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations contained in paragraph 50 of Plaintiff's Complaint.

51. Defendant denies the allegations contained in paragraph 51 of Plaintiff's Complaint.

**COUNT III**

52. Defendant relies upon its previous responses above in response to paragraph 52 of Plaintiff's Complaint.

53. Defendant denies the allegations contained in paragraph 53 of Plaintiff's Complaint.

54. Defendant denies the allegations contained in paragraph 54 of Plaintiff's Complaint.

**PRAYER FOR RELIEF**

Defendant denies that the Plaintiff is entitled to the relief prayed for in the prayer for relief or any other special or general relief.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

Plaintiff has failed to state a prima facie case of discrimination.

**SECOND DEFENSE**

Plaintiff has failed to state a prima facie case of retaliation.

**THIRD DEFENSE**

Defendant has legitimate, non-discriminatory, non-retaliatory reasons for its actions.

Respectfully Submitted,

DR. DONALD C. WINTER, SECRETARY
DEPARTMENT OF THE NAVY

By his Attorneys

ROBERT CLARK CORRENTE
United States Attorney

/s/Richard B. Myrus
RICHARD B. MYRUS
Assistant United States Attorney
United States Attorney's office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5017 (fax)
Email: richard.myrus@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of March, 2008, I electronically filed the within Answer with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Noelle K. Clapham, Esq.
24 Salt Pond Road, Suite A-8
South Kingstown, RI 02879

/s/ Richard B. Myrus
RICHARD B. MYRUS
Assistant U.S. Attorney