**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **BRENDA M. RAPOSA** | : | |
| **Plaintiff** | : | |
| | : | **C.A. No. 07-417S** |
| | : | |
| **DR. DONALD C. WINTER,** | : | |
| **SECRETARY, DEPARTMENT** | : | |
| **OF THE NAVY** | : | |
| **Defendant** | : | |

**PRETRIAL CONFERENCE STATEMENT**

Pursuant to the Order of this Court, Plaintiff hereby submits her Pretrial Conference Statement, setting out the elements of her claims against the Defendant.

## I. FACTS AND TRAVEL

Plaintiff has been employed at the Navy War College's Facilities Maintenance Department ("FMD") since approximately February 27, 2000. She is currently employed as a Pipefitter, Wage Grade 4204-10. Plaintiff successful litigated a sexual harassment claim against the Defendant. Commander Kevin D'Amanda was aware of this activity.

In May, 2003, a working supervisory position in the FMD, that of Mechanic Supervisor, became vacant. This position was a higher wage grade than the position that the Plaintiff holds. Commander Kevin D'Amanda chose to give her male counterparts the opportunity to serve in the position temporarily, on a rotating basis. Although Plaintiff was at least as well qualified for the position as her male counterparts, if not better, Commander D'Ambra denied Plaintiff a rotation. This refusal to permit the Plaintiff a turn at rotating through the temporary supervisory position would put her at a disadvantage once the position was posted on a permanent basis, in that her two male co-workers would be able to claim experience in the position where she would not.

Plaintiff, suspecting further discriminatory activity, filed an internal complaint. Nevertheless, she was still denied a rotation. As grounds for the refusal, Defendant pointed to the job specifications. The job title had been changed to "Acting Temporary AC (Air Conditioning) Equipment Mechanic Supervisor, I." However, the actual duties remained unchanged. The Defendant indicated that Plaintiff did not have the air conditioning background for the temporary position. On the same basis, the Defendant refused to qualify Plaintiff for the position when it became available on a permanent basis. However, the Plaintiff in fact had substantial experience in the air conditioning area. In fact, the Plaintiff's air conditioning experience was superior to that of the male employee ultimately selected to fill the position on a full-time basis.

## II. ELEMENTS OF CLAIMS

### 1. Violation of 42 U.S.C. § 2000e(a), Discriminatory Terms and Conditions of Employment

Plaintiff has asserted that she was subjected to discriminatory terms and conditions of employment in violation of 42 U.S.C. § 2000e(a). To establish a *prima facie* case, Plaintiff must establish that: (1) she is a member of a protected class; (2) she was qualified for her position; (3) she experienced an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." ***See*** Fonseca v. Sysco Food Services of Arizona, 374 F.3d 840, 848 (9th Cir. 2004).

Once a *prima facie* case is established, the Defendants must then assert a legitimate non-discriminatory reason for the adverse employment action. Plaintiff must then be afforded the opportunity to prove by a preponderance of evidence that the reasons offered were not true reasons, but were a pretext for discrimination. ***See*** Reeves v. Sanderson Plumbing

Prods., Inc. 530 U.S. 133, 143, 120 S.Ct. 2097, 2106 (2000). It is permissible for the jury to reach the conclusion that a proffered reason is a pretext for discrimination if it disbelieves the proffered reason. ***See id.*** at 147, 2109.

Plaintiff was clearly a member of a protected class, in that she is a female. Her qualifications were equal to or greater than her male counterparts, but she was still denied a rotation through the temporary supervisory position, and ultimately was denied the supervisory position when it was filled permanently. The stated reasons for this denial were pretextual. The Defendant asserted that the Plaintiff did not have the requisite experience in air conditioning for the position, when such was not the case.

**2. Violation of 42 U.S.C. § 2000e-3, Illegal Retaliation**

In order to establish her claim of retaliation in violation of 42 U.S.C. § 2000e-3(a), Plaintiff must establish 1) that she engaged in the conduct protected by 42 U.S.C. § 2000e-3(a); 2) that she suffered adverse employment action; and 3) that there was a causal nexus between the adverse employment action and the protected conduct. *See* Russell v. Enterprise Rent-a-Car Company of Rhode Island, 160 F.Supp.2d 239, 264 (D.R.I. 2001).

There should be little or no dispute as to whether Plaintiff engaged in protected conduct, in that shortly prior to the openings for temporary supervisory positions, she had successfully engaged in sexual harassment litigation. Commander D'Ambra was fully aware of this litigation. Plaintiff also filed an internal complaint upon being denied a rotation as temporary supervisor. After having filed that internal complaint, she then was denied qualification for the position on a permanent basis. Furthermore, as we described above, the reasons for denial of the temporary and permanent positions were pretextual.

**3. Violation of 42 U.S.C. § 2000e-2(k), Disparate Impact**

Plaintiff has also asserted a claim under 42 U.SC. § 20003-2(k). In order to establish this claim, the Plaintiff must show that the Defendant maintained a policy or practice that was neutral on its face, but in face disproportionally impacted a protected group. Defendant may counter this charge by showing a business necessity for the policy or practice. *See* Wards Cove Packing Co., 490 U.S. 642 (1989).

Here, the policy or practice consisted of the change in job specifications that was used to deny the Plaintiff a rotation through the temporary supervisory position, and later was used to deny the Plaintiff the position on a permanent basis. As we described above, the reasons for this change were pretextual, and therefore had no legitimate business necessity.

Respectfully submitted,
Plaintiff
By her attorneys,

/s/ Noelle K. Clapham
Noelle K. Clapham #5338
24 Salt Pond Road, Suite A-8
South Kingstown, RI 02879
(401) 783-3600
(fax) 783-3670
April 24, 2008

/s/ Vicki J. Bejma
Vicki J. Bejma #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
April 24, 2008

**CERTIFICATION**

I, the undersigned, hereby certify that on April 24, 2008 I sent a true copy of the within by electronic filing to all of the parties below:

Richard B. Myrus, Esq.
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

/s/ Vicki J. Bejma