UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRENDA M. RAPOSA,
    Plaintiff,

v.                                                       C.A. No. 07-417

DR. DONALD C. WINTER,
Secretary, Dep't of the Navy,
    Defendant

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Dr. Donald C. Winter's ("Defendant") Motion for Summary Judgment.

## **I. Background**

Plaintiff Brenda M. Raposa ("Raposa") began working as a civilian pipefitter at the Naval War College ("War College") in Newport, Rhode Island in 1991. Raposa had three years of training in plumbing at Diman Technical School in Massachusetts and approximately six years of experience with her father's plumbing and heating business before she began her employment at the War College.

In 1996, Raposa filed an Equal Employment Opportunity ("EEO") complaint, alleging that she had suffered sexual harassment and retaliation while employed in the Public Works Department of the War College. The complaint was decided in her favor on May 23, 2003.

Commander Kevin D'Amanda ("D'Amanda") was the director of the Facilities Maintenance

1

Department ("FMD") in 2003. The FMD was made up of two departments: the Air Conditioning Shop and the Maintenance Shop. Raposa began working in the Air Conditioning Shop in or around 2000. Her immediate supervisor was Ralph Shaeffer ("Shaeffer"), who had been an Air Conditioning Mechanic and one of the work leaders in the FMD. In 1998, Shaeffer had been given a new position, Air Conditioning Equipment Mechanic Supervisor, which originally required supervision of three air conditioning equipment mechanics and seven custodial workers. When Shaeffer announced his retirement in May of 2003, he supervised multiple skilled trades, including gardeners, locksmiths, and Raposa's pipefitter position.

After Shaeffer announced that he planned to retire in July of 2003, D'Amanda decided to fill the supervisor position on a temporary basis. On May 5, 2003, D'Amanda indicated in an email to his superior, David Destito, that he would like to select George Santos ("Santos") and Barry Prisk ("Prisk"), both Air Conditioning Equipment Mechanics, to rotate into this position. Raposa was not asked to fill this position nor given an opportunity to apply. When she asked for an opportunity to do so, she was informed that she lacked the requisite qualifications for the temporary position. Prisk was appointed to the position on June 29, 2003, until October 18, 2003. Santos was appointed to the position from October 19, 2003 to February 15, 2004.

D'Amanda created a final position description in January of 2004 for the Air Conditioning Equipment Mechanic Supervisor. In February of 2004, D'Amanda also selected the six critical skills for the position, including air conditioning mechanics skills. The job vacancy announcement for Air Conditioning Equipment Mechanic Supervisor was posted in February of 2004. Prisk and Raposa submitted their applications. The Northeast office of the Human Resources Service Center, based in Philadelphia, determined that Raposa was not

qualified for the position because her resume did not match the skills selected by D'Amanda. Prisk was selected to fill the position in March of 2004.

Raposa filed a complaint on November 16, 2007, alleging violations of Title VII of the Civil Rights Act of 1964. Count I alleges that the Defendant subjected Raposa to discriminatory terms and conditions of employment because of her gender. Count II alleges that Defendant subjected Raposa to illegal retaliation because of her prior protected activity, specifically "by denying [her] the opportunity to rotate through a temporary supervisory position along with her male peers" and "by not qualifying [her] application for [the] supervisory position once it posted as a permanent position." Compl., ¶ 50-51. Finally, Count III alleges that personnel policies and procedures, implemented and maintained by the Defendant, resulted in less favorable terms and conditions of employment for female employees.

## II. Standard of Review

A motion for summary judgment may be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the evidence is such that a rational factfinder could find for either party, and a fact is "material" if it "has the capacity to sway the outcome of the litigation under the applicable law." Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995). The moving party carries the burden of demonstrating that no genuine issue of material fact exists. Id.

In considering whether a genuine triable issue exists, the Court views the record and

3

draws all reasonable inferences in the light most favorable to the nonmoving party. Cont'l Cas. Co. v. Canadian Universal Ins. Co., 924 F.2d 370, 373 (1st Cir. 1991). The party seeking summary judgment must show that there is "'an absence of evidence to support the nonmoving party's case.'" Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). Summary judgment will be denied if "there is enough competent evidence to enable a finding favorable to the nonmoving party." Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993) (citing Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1985)).

### III. Analysis

Disparate Impact

In her Objection to Defendant's Motion for Summary Judgment, Plaintiff conceded that there is insufficient evidence to support Count III, alleging disparate impact. (Pl.'s Mem. in Supp. of her Objection to Def.'s Mot. for Summ. J. at *6, n.1.) As a result, Count III is dismissed.

Illegal Retaliation

In Count II of the Complaint, Raposa alleges that she was qualified for the temporary supervisory position but was passed over for the promotion, which was given to two male colleagues instead. Raposa claims that she was subjected to illegal retaliation because of her prior protected EEO activity. The Complaint states that her "prior EEO activity specifically consisted of successful sexual harassment litigation," and vaguely references "other follow up

complaints." Compl., ¶ 9.

To establish a prima facie case of retaliation under Title VII, a plaintiff must demonstrate the following elements: that she engaged in a protected activity; that she suffered an adverse employment action; and that the adverse action is causally connected to the protected activity. Noviello v. City of Boston, 398 F.3d 76, 88 (1st Cir. 2005). Once a plaintiff has met her prima facie burden, the defendant carries the burden to demonstrate a legitimate, non-retaliatory reason for the adverse employment action. Fennell v. First Step Designs, Ltd., 83 F.3d 526, 535 (1st Cir. 1996). If this burden is met, the plaintiff must then show that the defendant's proffered reason for the adverse employment action is pretextual. Id.

Raposa's EEO activity constitutes protected activity. See Calero-Cerezo v. United States Dep't of Justice, 355 F.3d 6, 25 (1st Cir. 2004). Plaintiff filed an EEO complaint in 1996, alleging sexual harassment and retaliation.[1] As noted above, this complaint was decided in Raposa's favor on May 23, 2003. Defendant contends that, as a matter of law, "protected activity" is confined to the filing of a complaint. Plaintiff, in response, notes the relevant

---

[1] In her Objection to Defendant's Motion for Summary Judgment, Raposa notes that she filed an informal complaint of gender discrimination in 2002 involving D'Amanda which pertained to inequitable distributions of overtime and awards between Raposa and her male co-workers. (Pl.'s Mem. in Supp. of her Objection to Def.'s Mot. for Summ. J., at *3.) This 2002 complaint was also referenced in Plaintiff's Statement of Undisputed Facts, which was filed with Raposa's Response in Opposition to Defendant's Motion for Summary Judgment. (Pl.'s Separate Statement of Undisputed Facts Pursuant to LR Cv 56(a)(4), ¶ 155.) Raposa has not invoked the 2002 complaint as a basis for the retaliation claim in this case: she did not raise the issue during the EEO process, nor did she identify this complaint in response to the Defendant's interrogatories seeking the basis for her retaliation claim. As a result, evidence of Raposa's 2002 EEO complaint must be excluded from the current litigation. See Roman-Martinez v. Runyon, 100 F.3d 213, 219 (1st Cir. 1996) (holding that the district court had properly refused to consider a new factual contention which had not been raised during prior EEO proceedings).

language of Title VII, which affords protection to an employee who "has opposed [discriminatory practices], or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). Plaintiff argues that she opposed discriminatory practices and participated in EEO proceedings by maintaining her complaint. For the purposes of the Defendant's Motion for Summary Judgment, this Court considers Raposa's protected activity as inclusive of her full participation throughout the EEO complaint process. Therefore, the Court will consider all activity up to and including the date of resolution of that complaint, i.e. May 23, 2003.

Defendant also argues that Plaintiff has not demonstrated that D'Amanda was aware of the May 23, 2003 EEO decision. However, Defendant has conceded that D'Amanda was aware of Raposa's 1996 EEO complaint. (Mem. in Support of Def.'s Mot. for Summ. J., at *29.) Plaintiff contends that, at the time that D'Amanda was selecting Prisk and Santos for the temporary supervisor position, he was also aware of her anticipated participation in the May 14, 2003, EEO hearing on the 1996 EEO complaint. (Pl.'s Resp. to Def.'s Supp. Mem., at *4-5). D'Amanda's awareness of the 1996 EEO complaint is sufficient to support a claim of retaliation at the summary judgment stage.

The act of passing Plaintiff over for a promotion constitutes an adverse employment action. See Morales-Tañon v. The Puerto Rico Elec. Power Auth., 524 F.3d 15, 19 (1st Cir. 2008) (citing Rutan v. Republican Party of Ill., 497 U.S. 62, 79 (1990)). The parties agree that Raposa was not given an opportunity to transfer into the temporary supervisor position. As a result, Plaintiff satisfies the second prima facie element for retaliation.

To satisfy the third prima facie element for retaliation, Plaintiff must demonstrate a causal

connection between her protected activity and the adverse employment action suffered. Plaintiff has not produced any direct evidence of retaliation. However, it is well-established that "temporal proximity alone can suffice to 'meet the relatively light burden of establishing a prima facie case of retaliation.'" DeCaire v. Mukasey, 530 F.3d 1, 19 (1st Cir. 2008) (quoting Mariani-Colón v. Dep't of Homeland Sec. ex rel. Chertoff, 511 F.3d 216, 224 (1st Cir. 2007)). Here, Plaintiff points to the temporal relationship between her EEO activity and D'Amanda's decision to pass her over for the temporary promotion to the Air Conditioning Equipment Mechanic Supervisor. As discussed above, for the purposes of the Defendant's Motion for Summary Judgment, this Court will consider the entirety of the EEO activity in regard to the 1996 complaint, rather than the sole act of filing the complaint in 1996. Raposa suffered an adverse employment action at the time she was engaged in protected EEO activity. The temporal proximity between Raposa's EEO activity and the adverse employment action suffered is sufficient to establish causation for purposes of summary judgment. See Calero-Cerezo, 355 F.3d at 25-26 (holding that temporal proximity of approximately one month was sufficient to meet the plaintiff's prima facie burden for her retaliation claim).

Discriminatory Terms and Conditions of Employment

In Count I, Raposa contends that, despite her "exemplary" performance, "Defendant unlawfully subjected Plaintiff to discriminatory on-the-job working conditions because of the Plaintiff's female gender." Compl., ¶ 46. Specifically, Raposa alleges that, "because of her female gender," she was not appointed to an equal term in the temporary supervisory position nor was she promoted to the permanent supervisory position. Compl., ¶¶ 21, 31.

7

To meet her prima facie burden in a discriminatory treatment claim under Title VII, a plaintiff must demonstrate that: "(i) she was a member of a protected class; (ii) she was qualified for the [] position; (iii) she was not hired despite her qualifications; and (iv) the job was given to a person outside the protected group." Keyes v. Sec'y of the Navy, 853 F.2d 1016, 1023 (1st Cir. 1988). If the plaintiff meets her burden, the defendant must "'articulate some legitimate nondiscriminatory reason for the employee's rejection.'" Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981) (quoting McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). If the defendant meets that burden, the plaintiff then must "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Burdine, 450 U.S. at 253 (citing McDonnell Douglas, 411 U.S. at 804).

It is not disputed that Raposa, a female, is a member of a protected class; that she was not promoted to the temporary or permanent supervisory position; that the temporary position was given to two men; or that the permanent supervisory position was given to man. The parties dispute, however, whether Raposa was qualified for the temporary supervisory position and whether D'Amanda was motivated by an unlawful bias in his employment decisions.

Defendant contends that Raposa cannot meet her prima facie burden because she cannot demonstrate that she was qualified and that her credentials were comparable to the men who were promoted. Furthermore, Defendant contends that she has failed to point to any evidence of pretext because the Navy had a legitimate, nondiscriminatory basis for its action: specifically, that Raposa lacked the training and experience of the men who had been promoted.

Raposa contends that she "has substantial experience working with air conditioning

8

systems at the Navy War College [sic] and is as qualified or more qualified than the male employee selected for the promotion to supervisory position." Compl., ¶ 33. She states that she had been twice qualified to supervise a shop before, that she had the technical knowledge required to supervise the Air Conditioning Equipment Mechanics, and that she had knowledge of the principles of heating and air conditioning.

Raposa argues that D'Amanda was motivated by gender bias when he drafted the prerequisites for the temporary supervisory position, and that "the position itself was indeed decidedly mischaracterized." (Pl.'s Mem. in Supp. of her Objection to Def.'s Mot. for Summ. J., at *8.) She contends that the level of technical skill required was exaggerated and that the "bulk" of the supervisor's time would be spent on administrative duties. (Id., at *11-12.)

Because she was not promoted for the temporary position, Raposa was not positioned to gain the experience necessary for the permanent post. As a result, D'Amanda's initial decision to pass Raposa over for the promotion as temporary supervisor affected the likelihood that she would be promoted to the permanent position.

Plaintiff has demonstrated a genuine issue of material fact regarding whether she was qualified for the temporary supervisory position and whether D'Amanda was motivated by unlawful bias in his decision to bypass Raposa for consideration of appointment to the temporary supervisor position in May of 2003. This factual dispute precludes a grant of summary judgment in Defendant's favor. Accordingly, Defendant's Motion for Summary Judgment as it pertains to Count I is denied.

## IV. Conclusion

For the reasons set forth herein, the Defendants' Motion for Summary Judgment is DENIED.

SO ORDERED.

_/s/ Mary M. Lisi_
Mary M. Lisi
Chief United States District Judge
August 4, 2009